# UNITED STATES DISTRICT COURT
## FOR THE
## SOUTHERN DISTRICT OF CALIFORNIA

### Petition for Warrant or Summons for Offender Under Supervision

**Name of Offender:** Viviana Jacquez (Spanish)     **Dkt. No.:** 17CR04175-002-DMS

**Reg. No.:** 66027-298

**Name of Sentencing Judicial Officer:** The Honorable Dana M. Sabraw, Chief U.S. District Judge

**Original Offense:** Ct: 1: 21 U.S.C. § 841(a)(1) and § 846, Conspiracy to Distribute Methamphetamine with Intent to Distribute, a Class A felony  
Ct. 3: 21 U.S.C. § 841(a)(1), Possession of Methamphetamine with Intent to Distribute; and 18 U.S.C. § 2, Aiding and Abetting, a Class A felony.

**Date of Revocation Sentence:** June 24, 2022

**Sentence:** 4 months' custody; 24 months' supervised release. *(Special Conditions: Refer to Judgment and Commitment Order.)*

**Type of Supervision:** Supervised Release     **Date Supervision Commenced:** August 31, 2022

**Asst. U.S. Atty.:** Owen Roth     **Defense Counsel:** Ryan T. Mardock, Fed. Def's, Inc. (619)234-8467

**Prior Violation History:** Yes. Please refer to prior court correspondence.

---

### PETITIONING THE COURT
**TO ISSUE A NO-BAIL BENCH WARRANT**

The probation officer believes that the offender has violated the following conditions of supervision:

| CONDITIONS | ALLEGATIONS OF NONCOMPLIANCE |
|---|---|
| **(Mandatory Condition)**<br>The defendant must not illegally possess a controlled substance. The defendant must refrain from any unlawful use of a controlled substance. Submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter. Testing requirements will not exceed submission of more than four (4) drug tests per month during the term of supervision, unless otherwise ordered by the court.<br><br>**(Standard Condition)**<br>The defendant must follow the instructions of the probation officer related to the conditions of supervision. | 1. On September 29, 30, October 11, 24, and 25, 2022, Ms. Jacquez failed to comply with drug testing requirements as instructed by the probation officer, in that she failed to submit urine specimens for drug analysis at Geo Reentry Services, as required.<br><br>2. Ms. Jacquez failed to comply with drug testing requirements in that she failed to call the automated drug testing recording, as instructed, from September 29, through November 10, 2022. |

***Grounds for Revocation:*** As to allegation 1, I have received and reviewed the Chain of Custody for Drug Analysis forms which confirm that on the above dates, Ms. Jacquez failed to submit urine samples for drug testing, as required. On September 14, 2022, the probation officer reviewed written instructions for drug testing with Ms. Jacquez, and she acknowledged receipt of the instructions with her signature. Specifically, Ms. Jacquez was instructed to call the drug testing line after 8:15PM the day before each drug testing day to hear if she was to report for testing, and report for testing when required in the automated testing line recording. Testing days are Monday through Friday.

As to allegation 2, I received and reviewed the automated drug testing call log, through COMPLY, which confirms Ms. Jacquez failed to call the drug testing line on the dates indicated above.

| | |
|---|---|
| **(Standard Condition)**<br>The defendant shall report to the probation officer in a manner and frequency directed by the court or probation officer. | 3. On October 19, 21, and 27, 2022, Ms. Jacquez failed to report to the probation officer for further supervision instructions, as directed. |

***Grounds for Revocation:*** As to allegation 3, on October 12, 19, and 24, 2022, during a telephonic conversation, Ms. Jacquez was instructed to report to the probation office on October 19, 21, and 27, 2022, at 2:30 p.m., 9:00 a.m. and 10:00 a.m., respectively, for further supervision instructions. The offender failed to report as instructed.

**(Standard Condition)**
The defendant shall notify the probation officer at least ten days prior to any change in residence or employment.

4. On or about October 19, 2022, Ms. Jacquez changed her place of residence without notifying the probation officer, and her current whereabouts are unknown.

*Grounds for Revocation:* As to allegation 4, on October 19, 2022, the undersigned spoke with Susana Jacquez, Ms. Jacquez's mother, who advised Ms. Jacquez has never resided at the home. She indicated Ms. Jacquez "comes and goes" to the residence but has never lived with her and indicated she did not know where she was located.

## VIOLATION SENTENCING SUMMARY

### SUPERVISION ADJUSTMENT

Following her release from custody, Ms. Jacquez reported to the probation office for further supervision instructions. In addition to advising her of her conditions of supervised release and reviewing her Judgment and Commitment order, she was instructed to begin drug testing and was referred to Smart Recovery, for outpatient substance abuse treatment and Imperial County Behavioral Health Services, (BHS) for mental health services.

Ms. Jacquez immediately started having issues maintaining compliance. Within weeks of commencing supervised release, she started missing testing as alleged herein. When the alleged violations were addressed with Ms. Jacquez, she claimed she was extremely ill and could not report to testing. The undersigned requested medical documentation regarding Ms. Jacquez' health, to which she has failed to provide. As weeks passed, Ms. Jacquez continued to claim being extremely ill; however, when asked for documentation she has failed to provide any form of medical proof. Attempts to address her recent non-compliance have been futile. She has failed to report as directed and when the undersigned tried to locate her at home, it was discovered she was unreachable at either location as alleged herein.

Therefore, based on her continued non-compliance, her overall supervision adjustment can best be described as poor.

### OFFENDER PERSONAL HISTORY/CHARACTERISTICS

Ms. Jacquez is a 33-year-old Hispanic female, who was reportedly last residing in Mexicali, Mexico. During her term of supervised release, Ms. Jacquez was unemployed. She was previously employed with Carl's Jr.; however, ceased employment with the company for unknown reasons. Her criminal history dates back to 2015 when she was 25 years old and includes convictions for transportation of a controlled substance, possession of narcotics for sale, and stolen merchandise. Ms. Jacquez has been previously cited for unlicensed driver and she was arrested in 2014 for vehicle theft in Mexico.

According to the presentence report, coupled with reported information provided from Ms. Jacquez during interviews with the undersigned, she has struggled with substance abuse addiction since the age of 16. She has used heroin, methamphetamine, and marijuana. Her heroin use started at 16 years old and by the time she was 20 she was using heroin and methamphetamine daily. She has attempted residential drug treatment programs in the past in Mexicali, Mexico on three separate occasions; however, has relapsed.

During her previous term of supervised release, prior to commencing her term of supervised release, Ms. Jacquez admitted to using methamphetamine and marijuana, while at the RRC.

## SENTENCING OPTIONS

### CUSTODY

**Statutory Provisions:** Upon the finding of a violation, the court may modify the conditions of supervision; extend the term (if less than the maximum authorized term was previously imposed); or revoke the term of supervised release. 18 U.S.C. § 3583(e)(2) and (3).

**(As to both Counts):** If the court revokes supervised release, the maximum term of imprisonment upon revocation is 5 years. 18 U.S.C. § 3583(e)(3).

**USSG Provisions**: The allegations (failure to drug test, failure to call the drug testing line, failure to report as directed, and failure to report change in residence) constitute Grade C violations. USSG §7B1.1(a)(3)(B), p.s.

Upon a finding of a Grade C violation, the court may (A) revoke supervised release; or (B) extend the term and/or modify the conditions of supervision. USSG §7B1.3(a)(2), p.s.

A Grade C violation with a Criminal History Category II (determined at the time of sentencing) establishes an **imprisonment range of 4 to 10 months.** USSG § 7B1.4, p.s. It is noted that in the case of a Grade C violation, and where the minimum term of imprisonment determined under USSG §7B1.4, p.s., is at least one month but not more than six months, the minimum term may be satisfied by (A) a sentence of imprisonment; or (B) a sentence of imprisonment that includes a term of supervised release with a condition that substitutes community confinement... for any portion of the minimum term. USSG §7B1.3(c)(1), p.s.

Since "the original sentence was the result of a downward departure ... an upward departure may be warranted" upon revocation. The court can depart from the available imprisonment range and impose a sentence of up to the statutory maximum of 60 months. USSG §7B1.4, p.s., comment. (n.4), and 18 U.S.C. § 3583(e)(3).

### REIMPOSITION OF SUPERVISED RELEASE

If supervised release is revoked and the offender is required to serve a term of imprisonment, the court can reimpose supervised release upon release from custody. The length of such a term shall not exceed the term of supervised release authorized by statute for the offense that resulted in the original term of supervised release, less any term of imprisonment imposed upon revocation. 18 U.S.C.§ 3583(h).

**(As to both Counts):** In this case, the court has the authority to reimpose a term of supervised release of any years up to life, less any term of imprisonment imposed upon revocation. 18 U.S.C. § 3583(k), and 21 U.S.C. §§ 841, 960.

### JUSTIFICATION FOR BENCH WARRANT

Ms. Jacquez's failure to comply with drug testing requirements, coupled with her recent relapse and lack of responsiveness to the supervision process, the issuance of a bench warrant for her arrest appears appropriate, as she poses a risk of flight.

### RECOMMENDATION/JUSTIFICATION

Unfortunately, despite the undersigned's efforts to get Ms. Jacquez into compliance, Ms. Jacquez ultimately failed to demonstrate a willingness or desire to change. Based on her continued non-compliance as alleged herein, it is apparent that she is unwilling to change her behavior. Additionally, despite the opportunities, she breached the Court's trust and failed to grasp the seriousness of her non-compliant behavior.

This is Ms. Jacquez second violation before Your Honor for similar violation conduct. Unfortunately, despite her claims to the contrary, it is evident Ms. Jacquez is not amenable to change. She refuses to allot probation the opportunity to provide her with the tools and resources to be successful. Therefore, despite the resources afforded to her, she appears unmotivated to get in compliance. Considering the aforementioned information, should Ms. Jacquez be found in violation as alleged herein, it is respectfully recommended her supervised release be revoked and she be sentenced to 8 months' custody with no supervision to follow.

**I declare under penalty of perjury that the foregoing is true and correct.**

**Executed on: November 14, 2022**

Respectfully submitted:
DANIEL J. KILGORE
CHIEF PROBATION OFFICER

by _/s/ Amanda Behl_
Amanda Behl
U.S. Probation Officer
(760) 339-4203

Reviewed and approved:

_/s/ Larry Huerta_
Larry Huerta
Supervisory U.S. Probation Officer

# VIOLATION SENTENCING SUMMARY

1. **Defendant:** Jacquez, Viviana

2. **Docket No.** (Year-Sequence-Defendant No.)**:** 17CR04175-002-DMS

3. **List Each Violation and Determine the Applicable Grade** (*See* USSG § 7B1.1)**:**

| Violation(s) | Grade |
|---|---|
| Failure to test | C |
| Failure to call the drug testing line | C |
| Failure to report as directed | C |
| Failure to report change in residence | C |

4. **Most Serious Grade of Violation** (*See* USSG § 7B1.1(b))  [ C ]
5. **Criminal History Category** (*See* USSG § 7B1.4(a))  [ II ]
6. **Range of Imprisonment** (*See* USSG § 7B1.4(a))  [ 4 to 10 months ]

7. **Unsatisfied Conditions of Original Sentence**: List any restitution, fine, community confinement, home detention, or intermittent confinement previously imposed in connection with the sentence for which revocation is ordered that remains unpaid or unserved at the time of revocation (*See* USSG § 7B1.3(d)):

   Restitution ($) _____    Community Confinement _____
   Fine($) _____            Home Detention _____
   Other _____              Intermittent Confinement _____

**THE COURT ORDERS:**

__X__ AGREE. A NO-BAIL BENCH WARRANT BE ISSUED BASED UPON A FINDING OF PROBABLE CAUSE TO BRING THE OFFENDER BEFORE THE COURT TO SHOW CAUSE WHY SUPERVISED RELEASE SHOULD NOT BE REVOKED FOR THE ALLEGED VIOLATIONS. THE PETITION AND THE WARRANT WILL BE SEALED UNTIL THE OFFENDER HAS BEEN ARRESTED ON THE WARRANT AND THEN THE PETITION AND WARRANT MAY BE UNSEALED. NOTWITHSTANDING THE SEALING, A COPY OF THE PETITION AND WARRANT WILL BE GIVEN TO THE U.S. MARSHAL FOR USE BY LAW ENFORCEMENT.

_____ DISAGREE. THE ISSUANCE OF A SUMMONS ORDERING THE OFFENDER TO APPEAR BEFORE THE COURT ON _____, AT _____, TO SHOW CAUSE WHY SUPERVISED RELEASE SHOULD NOT BE REVOKED.

_____ Other _____

_____

_____

_____
The Honorable Dana M. Sabraw
Chief U.S. District Judge

11/16/22
Date